UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FRANK DUNLAP, JR. ) | Civil Action No.: 3:17-cv-0504-CMC-TER |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| LINDAU CHEMICALS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.     INTRODUCTION

Plaintiff originally filed this action in the Richland County Court of Common Pleas and Defendant removed it to this court. This action arises out of the termination of Plaintiff's employment with Defendant. Plaintiff alleges that Defendant terminated his employment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. Presently before the court is Defendant's Partial Motion to Dismiss Plaintiff's Second Cause of Action (Document # 5). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

Plaintiff was employed with Defendant, a plastics fabrication company, in the maintenance department from September 23, 1987, until his termination on July 17, 2015. Compl. ¶¶ 11, 15-16. At the time of his termination, Plaintiff was the maintenance supervisor. Compl. ¶ 18. On February 3, 2014, Plaintiff suffered an on-the-job back injury when he pulled a muscle in his back. Compl. ¶ 20. On February 4, 2015, Plaintiff suffered an on-the-job shoulder injury when he suffered a

muscle tear in his left shoulder. Compl. ¶ 21.

On June 9, 2015, Defendant instructed Plaintiff that he would need to get a "fitness for duty" certification from his two orthopedists before returning to work. Compl. ¶ 25. Plaintiff's back doctor provided a report stating that Plaintiff could return to work on light duty, with a fifty pound physical limitation for pushing, pulling, lifting, and carrying. Compl. ¶ 26. Plaintiff's shoulder doctor reported that Plaintiff was able to return to work in his Maintenance Supervisor job, effective September 24, 2015. Compl. ¶ 30. Plaintiff was capable of performing the essential functions of his job as Maintenance Supervisor, and had the training and experience to perform any of the jobs within the area of maintenance, as well as many other jobs. Compl. ¶¶ 32-33.

On July 17, 2015, Defendant terminated Plaintiff, stating that Plaintiff's physical limitations caused " ... a hardship for the company's maintenance department to continue to operate indefinitely without a foreman/lead." Two months after Defendant terminated Plaintiff, he was fully released from medical treatment by his two physicians, and authorized to return to work. Compl. ¶¶ 34-35.

In his first cause of action, Plaintiff alleges that his back injury and his shoulder injury, both collectively and individually, were sufficiently severe impairments to constitute a disability under the ADA and that Defendant terminated him because of this disability in violation of the ADA. Compl. ¶¶ 37-44.

In the alternative, Plaintiff pleads a second cause of action, alleging that Defendant regarded his back and shoulder impairments as a disability even though Plaintiff was able to perform the functions of his job as maintenance supervisor, both before he was terminated and afterwards. He alleges that Defendant "wrongfully regarded Plaintiff as being disabled in violation of the ADA." Compl. ¶¶ 45-50.

**III.     STANDARD OF REVIEW**

Defendants seek dismissal of Plaintiff's second cause of action pursuant to Rule 12(b)(6), Fed.R.Civ.P. A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**IV.     DISCUSSION**

Defendant seeks dismissal of Plaintiff's second cause of action for violation of the ADA for regarding Plaintiff as having a disability. Defendant argues that "'[r]egarding an employee as disabled, without more, is not a violation of the ADA. Instead, being 'regarded as' being disabled

is one of three ways in which an employee can meet the ADA's definition of 'disabled.'" Def. Mem. p. 2. "[B]eing regarded as disabled is not a separate cause of action, but a method of demonstrating that one has a disability for the purpose of the ADA discrimination claim." Cash v. Magic City Motor Corp., No. 7:16-CV-00192, 2017 WL 281755, at *8 (W.D. Va. Jan. 20, 2017) (citing 42 U.S.C. § 12102(2); Reynolds v. Am. Nat. Red. Cross, 701 F.3d 143, 150 (4th Cir. 2012)). The ADA defines "disability" as including: "(A) a physical or mental impairment that substantially limits one or more major life activities, (B) a record of such an impairment, or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Although being regarded as disabled is not a separate cause of action, a plaintiff may plead as alternative bases for meeting the definition of disabled that he was both actually disabled and regarded as disabled. See, e.g., Rhoads v. F.D.I.C., 257 F.3d 373, 390 (4th Cir. 2001) (addressing Plaintiff's claim of disability under all three definitions).

Defendant also argues that Plaintiff's second cause of action fails because Plaintiff has not alleged under that claim that he suffered an adverse employment action. One of the required elements for establishing a violation of the ADA is that the plaintiff suffered an adverse employment action. Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995). Defendant argues that being "regarded as" disabled is not a violation of the ADA. The complaint includes the allegation that "Defendant wrongfully regarded Plaintiff as being disabled, in violation of the ADA, as amended," Compl. ¶ 50, which, as Defendant argues, is not an adverse employment action. However, the complaint also includes allegations that Defendant terminated Plaintiff on July 17, 2015, stating that Plaintiff's physical limitations caused " ... a hardship for the company's maintenance department to continue to operate indefinitely without a foreman/lead, that "Defendant made the decision to terminate Plaintiff because Defendant determined Plaintiff to be disabled, and regarded his back and shoulder impairments as a disability," and that "Defendant's decision to
...

terminate Plaintiff was in violation of the ADA, as amended, as it was based on Defendant's wrongful perception that Plaintiff was disabled." Compl. ¶¶ 34, 48, 51. While perhaps not the most artfully pleaded complaint, these allegations are sufficient to state a claim for violation of the ADA.

As stated above, Plaintiff's allegations that he was disabled and that he was regarded as disabled do not create two separate causes of action. Rather, they are two means to the same end–that is, the allegation that Defendant terminated Plaintiff in violation of the ADA. Again, while it may not be necessary to plead the alternative theory in a separate cause of action, it is clear that Plaintiff pleads the "regarded as" theory as an alternate theory. Thus, Defendant's motion should be denied.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Partial Motion to Dismiss Plaintiff's Second Cause of Action (Document # 5) be denied.

                                  s/Thomas E. Rogers, III
                                  Thomas E. Rogers, III
                                  United States Magistrate Judge

April 26, 2017
Florence, South Carolina