IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Frank Dunlap, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Lindau Chemicals, <br><br> Defendant. | C/A. No. 3:17-cv-0504-CMC-TER <br><br> Opinion and Order <br> Adopting Report and Recommendation <br> and Denying Motion to Dismiss <br> Second Cause of Action |

This matter is before the court on Defendant's motion to dismiss Plaintiff's second cause of action. ECF No. 5. This cause of action rests on allegations Defendant terminated Plaintiff in violation of the Americans with Disabilities Act because it "wrongfully regarded Plaintiff as being disabled[.]" ECF No. 1 ¶¶ 45-50.[1] For reasons set forth below, the motion is denied.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings. On April 26, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant's motion be denied. ECF No. 18 at 5 (noting, nonetheless, that "it may not be necessary to plead the alternative theories as separate causes of action" because "they are two means to the same end—that is, the allegation that Defendant terminated Plaintiff in violation of the ADA[,]"). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do

---

[1] Plaintiff's first cause of action alleges he was terminated because he was disabled.

so. No party filed objections to the Report, and the time to do so has expired. The matter is now ripe for resolution.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Defendant's motion to dismiss Plaintiff's second cause of action is, therefore, denied and the matter is again referred to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          Senior United States District Judge

Columbia, South Carolina
May 15, 2017